208 So.2d 799

Larry MELVIN

v.

STATE.

4 Div. 612.

Court of Appeals of Alabama.

Feb. 20, 1968.

Rehearing Denied March 12, 1968.

Farmer & Farmer, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was indicted for the offense of robbery. Conviction was for assault and battery with punishment fixed at hard labor for Houston County, Alabama, for a period of six months.

The sufficiency of the evidence to support the conviction is not presented for review. There was no motion to exclude the evidence, no request for the affirmative charge and no motion for a new trial.

The alleged assaulted person was Johnnie Lee Wingate. When he was called to the stand to testify as a witness the following occurred:

"MR. BAXLEY: If it please the Court, we want to make known and we ask permission to lead this witness. He is feeble-minded and we think it is necessary to lead the witness.

"THE COURT: With that request, and knowing what I do about the boy myself, I will permit more latitude in the leading of the witness than I would under ordinary circumstances.

"MR. FARMER: The defendant, of course, would object to the leading of the witness.

"THE COURT: You object and the Court is going to make this statement for the benefit of the record, that the Court is personally acquainted with the witness who is about to take the stand, by the name of Johnnie Lee Wingate. The Court knows that he is not as mentally developed as the ordinary person and on the request of the district attorney, I am going to allow more leniency on asking leading questions of that witness than I would the ordinary witness and the defendant objects and he has the exception."

The allowance or exclusion of leading questions is within the discretion of the trial court. Ray v. State, 248 Ala. 425, 27 So.2d 872.

In Mann v. State, 134 Ala. 1, 32 So. 704, the court held that the trial judge had the right to state the ground upon which he allowed leading questions to be propounded to the witness.

Appellant's counsel insists that here the trial judge was in effect testifying to Wingate's low mentality without first having been sworn as a witness, and that the district attorney was permitted to ask leading questions without any proof as to his feeble-mindedness except the statement of the trial judge.

Here the witness testified he was seventeen years old at the time of trial, sixteen when the alleged offense occurred; that he was in public school in the third grade until he reached the age of fifteen when he was sent to "New Hope," the inference from the testimony being that New Hope was a school for retarded or mentally deficient persons. We are of opinion the court was within its discretion in allowing leading questions to the witness.

There was no objection to the trial court's statement as to its knowledge of the mentality of the witness. No motion was made to exclude the statement nor request for any corrective action on the part of the trial judge.

We find no reversible error in the record.

The judgment is affirmed.

Affirmed.